UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 23-cr-367 (RBW) |
| : | |
| ROCKNE EARLES, : | |
| : | |
| Defendant. : | |

### UNITED STATES' OPPOSITION TO THE DEFENDANT'S
### OPPOSED MOTION TO CONTINUE SENTENCING HEARING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's Opposed Motion to Continue Sentencing Hearing, ECF No. 90. The primary reason behind the defendant's continuance request is speculation that he may benefit from future governmental changes or the possibility of clemency. *See* ECF No. 90 ¶ 6. This assumption is mere conjecture, and the Court should reject his request.

There is a public interest in the prompt and efficient administration of justice. The government and the Court have endeavored to vindicate that interest. A continuance is not warranted here, and the Court should proceed as it would in any other prosecution. *See, e.g.*, *United States v. Lichnowski*, 23-CR-341 (RBW), Nov. 7, 2024 Min. Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Connell*, No. 21-cr-84 (PLF), ECF No. 157 (denying motion to continue sentencing based on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024 Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United States v. Avery*, 24-CR-79 (CRC), Nov. 6, 2024 Min. Order (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-CR-209 (CKK), Nov. 6, 2024 Min. Entry (denying motion to continue sentencing hearing based on claim of potential clemency); *United*

*States v. Carnell, et al.*, No. 23-CR-139 (BAH), Nov. 6, 2024 Min. Order (denying motion to continue status conference based on claim of potential clemency); *United States v. Baker*, 24-CR-121 (CRC), Nov. 11, 2024 Min. Order (denying motion to continue all dates based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency); *United States v. Hefner*, 24-cr-260 (APM), Nov. 11, 2024 Min. Order (denying motion to stay proceedings based on claim of potential clemency and stating "Defendant's speculation that he may receive a pardon is not good cause to stay this matter"); *United States v. Johnsons*, 24-CR-141 (JDB), Nov. 13, 2024 Min. Order (denying motion to continue all dates, including trial, based on potential clemency); *United States v. Lee*, 21-CR303 (ABJ), Nov. 15, 2024 Min. Order (denying motion to continue sentencing based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, stating that "[t]he Court is not inclined to postpone the conclusion of this matter based on events that may or may not transpire with respect to some or all of the January 6 defendants at some unspecified date in the future"); *United States v. Baez*, 21-CR-507 (PLF), ECF No. 121 (denying motion to continue trial based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, and stating that "[w]hatever the President-elect may or may not do with respect to some of those charged for their conduct at the Capitol on January 6, 2024, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution"); *United States v. Winegeart*, 22-CR-301 (CJN), November 18, 2024, Min. Order (considering and denying Defendant's Motion to Continue). The Court ought not delay the administration of justice based on the defendant's hopes and wishes.

As the defendant's admits, "there is no guarantee that [he] will be pardoned[.]" ECF No. 90 ¶ 6. And the defendant provides precisely zero substantiation for his assumption that there is "a significant possibility" of clemency. The Court ought not consider such supposition as a basis to

halt ongoing criminal proceedings. As this Court explained when it denied a similar motion in *Lichnowski*, ""[t]he potential future exercise of the discretionary pardon power . . . is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch." No. 23-cr-341 (RBW), ECF No. 73 at 1; *see also Connell*, No. 21-cr-84 (PLF), ECF No. 157 ("Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution.").

The defendant also claims he needs two additional weeks to collect further letters of support and newspaper articles. But he has had over four months to do so. Moreover, the sentencing hearing takes place more than a week past the filing of the defendant's motion, and the defendant concedes he has *already* collected letters of support and other documentation. *See* ECF No. 90 ¶ 2.

Ultimately, the defendant pled guilty, that guilty plea was accepted, and the Court will soon impose a sentence determined to be sufficient, but not greater than necessary, to comply with the purposes of the law. *See* 18 U.S.C. § 3553(a). The prompt determination of that sentence on January 10, 2025, is wholly proper. Accordingly, the Court should deny the defendant's motion.

                                      Respectfully submitted,

                                      MATTHEW M. GRAVES
                                      United States Attorney
                                      D.C. Bar No. 481052

By: /s/ *Sean J. Brennan*
SEAN J. BRENNAN
Assistant United States Attorney
NY Bar No. 5954128
601 D Street NW
Washington, DC 20530
Sean.Brennan@usdoj.gov
202-252-7125

/s/ *Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759